VERONICA KLEINERT, APPELLANT, v. WILLIAM J. HUTCHINSON ET AL., ADMINISTRATOR ETC., RESPONDENTS.

Submitted March 26, 1923—Decided June 18, 1923.

1. Under the facts in this case the husband can recover for the services performed by his wife. The statute relating to the property of married women (3 *Comp. Stat., p.* 3225, ¶ 4) is not applicable.

2. The services performed were washing, mending, cooking, looking after the personal and household needs of the decedent by the plaintiff's wife. , The decedent was an old man eighty-three years old at the time of his death, who lived next door to the plaintiff's house. The services were rendered under a promise to pay the wife. *Held*, the value of such services can be recovered by the husband.

3. Practice on appeal to the Court of Errors and Appeals from a judgment entered in the Supreme Court, on an appeal to that court. The only correct and proper assignment of error is the Supreme Court erred in reversing or affirming the judgment under review.

On appeal from the Supreme Court.

For the appellant, *Homan & Buchanan.*

For the respondent, *Linton Satterthwaite.*

The opinion of the court was delivered by

BLACK, J. The statute relating to the property of married women (3 *Comp. Stat., p.* 3225, ¶ 4) provides "that the wages and earnings of any married woman, acquired or gained by her after the passing of this act, in any employment, occupation, or trade in which she is employed, and which she carries on separately from her husband," &c., "shall be her sole and separate property, as though she were a single woman." At common law the husband was entitled to the wife's earnings. *Wooster* v. *Eagan,* 88 *N. J. L.* 687; *Stall* v. *Fullon,* 30 *Id.* 430.

This distinction seems quite clear, until there is an attempt to apply the statute to a particular set of facts. Then, the point at which the husband's exclusive rights end and the wife's separate rights begin, is attended with some difficulty and confusion. The present suit was commenced in the Mercer Court of Common Pleas by the husband and wife against the estate of Charles H. Applegate, to recover for services performed by the wife for the deceased. At the trial the suit was discontinued as to the wife without objection. The trial then proceeded in the name of the husband, result-

ing in a judgment in favor of the plaintiff. On an appeal to the Supreme Court that judgment was reversed on the ground that it was error for the trial court not to limit the right of recovery by the husband to the services performed by the wife in the husband's house, as a part of his household and as a part of her duty as wife. The trial court permitted a recovery by the husband for the entire services performed by the wife, making no distinction in the character of the services performed. The case was submitted to the Supreme Court on an agreed statement of facts, from which it appears Veronica Kleinert, the wife of the plaintiff, performed services for Charles H. Applegate, the deceased, who was eighty-three years old when he died. He lived alone, next door to the plaintiff, unattended by his relations or anyone. During the six years prior to his death the plaintiff's wife looked after his personal and household needs, such as cleaning his house, carrying coal, tending his fire, carrying out his ashes, mowing grass, mending his clothes and bed linen, making new sheets, giving him alcohol rubs, dressing his injuries when he fell, doing his errands, such as placing flowers on his deceased wife's grave in the cemetery, collecting the rents from tenants, shopping for him, cooking his meals, washing his clothing. The washing, mending and cooking were done in her house; the cooking was done when preparing her husband's meals and then taken into decedent's house, which was next door. The decedent repeatedly promised to pay her for whatever services she performed for him, saying that she would be well paid for what she might do for him. The services performed extended over a period of six years prior to the death of the deceased. As stated, the Supreme Court limited a recovery to the services performed by the wife in the house of the plaintiff as part of his household, such as washing, mending and cooking. This, we think, was error and an inapt application of the statute. The Supreme Court made the house of the husband the test by which their separate rights should be ascertained. This, we think, has no firm foundation in reason to support it. The services here performed, in and out of the husband's house by the

wife, are so interwoven as to constitute an entire and indivisible contract. They are the same kind as a wife performs in the household of her husband as a part of her duty as wife. The mere wall between the houses could not be a rational basis on which to determine the character of the services. The statute says, any employment, occupation or trade in which she is employed (*i. e.*, the wife) and which she carries on separately from her husband shall be her sole and separate property.

The respondent argues the test should be whether the services are performed within or without the household, that services performed outside the household are performed "separately" from her husband and are included within the scope and meaning of the statute. This view, as stated, we think is unsound. The appellant, on the other hand, argues the kind or character of the services performed cannot necessarily be the test. The four walls of the house cannot be said to enclose the field of the wife's agency for the husband. But, even so, this does not supply a practical test for all cases. There probably is no such test that can be applied to all cases, but each case must be determined from the facts, as they arise.

We think the statute does not apply to any part of the services performed in this case. The judgment of the Supreme Court should therefore be reversed. There is another point involved in this case, viz., a point of practice on appeal, which should not be passed over without some notice or discussion. As stated, the first appeal was from the Common Pleas Court to the Supreme Court. No appeal from the Common Pleas is printed, nor any grounds of appeal from that court. Both should have been. It is assumed that they were filed or the Supreme Court doubtless would not have considered the case. The plaintiff and appellant filed four grounds of appeal in this court. Grounds 1 and 4, that the Supreme Court reversed the judgment of the Common Pleas, are correct and proper and should have been combined in one ground. Grounds 2 and 3, that the Supreme Court made certain rulings and held thus and so, are bad under our

cases. In *Birtwistle* v. *Pub. Serv. Ry. Co.*, 94 *N. J. L.* 407, this court held that an assignment of error upon the opinion of the court below is not allowable. When this court sits as a tribunal, reviewing the Supreme Court, as it does in this case, a proper assignment is that the Supreme Court erred in giving judgment for the successful instead of for the unsuccessful party. *State* v. *Verona*, 93 *Id.* 389; *State* v. *Metzler*, 94 *Id.* 418. In such a situation reliance may be had upon the errors assigned in the Supreme Court upon the record brought up from the court below. *State* v. *Fisher*, 95 *Id.* 419. In the case at bar the appellant was the respondent in the Supreme Court and, consequently, filed no grounds of appeal there; but he is of course entitled to argue here against the grounds taken there by the successful appellant in that court, and may equally of course argue against any other grounds taken there, which the appellant deems that this court might lay hold of for affirmance of the judgment below, because, if it be found on appeal that the court below reached a right result even if for a wrong reason, the judgment will not be disturbed. *McCarty* v. *Town of West Hoboken*, 93 *Id.* 247. This established rule of practice on appeal is reiterated by the Chancellor in the opinion in *American Trading and Importing Co.* v. *Miron & Lifson*, *ante p.* 737.

The judgment of the Supreme Court is reversed; the judgment of the Common Pleas Court of Mercer county is affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, KATZENBACH, JJ. 3.

*For reversal* — THE CHANCELLOR, KALISCH, BLACK, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ. 7.